RICHEY, Respondent, v. McCONNELL, Appellant.

St. Louis Court of Appeals, November 3, 1903.

Practice: PEREMPTORY INSTRUCTION. In an action by an attorney, on a contract whereby he is to receive a fee certain, and one-half of the amount recovered, where defendant files a counterclaim for damages for failure to appeal the case in which the fees arose, but the record shows no exceptions saved to any ruling or action of the court, a peremptory instruction to find for plaintiff on the counterclaim was not error justifying a reversal.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse Franklin Ferriss,* Judge.

AFFIRMED.

*John I. Martin* and *Joseph Furling* for appellant.

*Wm. M. Kinsey* for respondent.

No exceptions are saved either to the exclusion or admission of testimony nor to instructions offered by appellant and refused by the court, hence no question based upon the action of the court respecting these matters is open to review in this court. Thompson on Charging the Jury, sec. 115, p. 156; State v. Ware, 69 Mo. 333; State v. Hayes, 81 Mo. 574; State v. Burnett,

81 Mo. 119; Smith v. Dunklin Co., 83 Mo. 195; Fairgrieve v. Moberly, 23 Mo. App. 141; Keiler v. Reid, 9 Mo. App. 580.

REYBURN, J.—On January 12, 1901, appellant instituted a suit, in the circuit court of St. Charles county, for damages for alleged malicious prosecution against Anton Schneider.    Appellant had been indicted by the grand jury of St. Charles county upon a charge of carrying concealed weapons, and upon trial, November 13, 1900, at the close of the testimony on behalf of the State, the jury under instruction of the court had returned a verdict of acquittal.    Appellant employed respondent, who had conducted her defense in the criminal proceedings, to inaugurate the action for damages against the defendant therein (Schneider) who, she believed, had been instrumental in causing her indictment and in prosecuting the charge.    The exact terms of the employment were embodied in the receipt for the portion of the fee paid respondent at the time of his employment, thus:

"St. Louis, Mo., December 3, 1900.

"Received of Mrs. Eliza McConnell the sum of fifty dollars, on account of professional services to be rendered in a suit to be instituted by Mrs. McConnell through me as her attorney, against Anton Schneider, in the circuit court of St. Charles county, or in the circuit court of the city of St. Louis, for damages caused by the prosecution of Mrs. Eliza McConnell for carrying concealed weapons, whereof the said Eliza McConnell was acquitted in the circuit court of St. Louis county, on November 13, 1900.    It is understood that I am to be paid hereafter the additional sum of seventy-five dollars, and also one-half of any damages that may be recovered from Anton Schneider for my services in said suit."

On March 8, 1901, a change of venue to the circuit court of St. Louis county was awarded plaintiff and a

trial occupying three days in the latter court resulted June 12, 1901, in a verdict for $500, in favor of plaintiff. Motions for new trial were made by both parties, that of Schneider, defendant therein, being withdrawn, and that of the plaintiff, appellant herein, being overruled, July 27, 1901. Appellant thereupon insisted that an appeal on her behalf should be taken to the Supreme Court, against which respondent remonstrated, and objected that no legal grounds existed upon which a reversal of the judgment in the trial court by the appellate court could be asked or hoped for, whereupon appellant employed new counsel, who prepared and filed her affidavit for appeal with extension of time in which to file a bill of exceptions on her behalf. On August 31, 1901, appellant abandoned her appeal, and in person caused to be issued upon the judgment an execution directed to the sheriff of St. Charles county against the defendant Schneider, and the judgment and costs were satisfied by their payment November 9, 1901, the appellant herein collecting in person the amount of the judgment and interest. Thereafter, April 21, 1902, respondent brought this action, before a justice of the peace in the city of St. Louis, for one-half of the amount recovered by appellant from Schneider, in which action appellant filed a counterclaim in the following language:

"Now comes defendant and for counterclaim against plaintiff states that plaintiff is indebted to defendant in the sum of five hundred dollars on the following account:

"First. For failure to perfect an appeal in defendant's behalf from the judgment of the circuit court of St. Louis county, Missouri, to the Supreme Court in the case of Eliza McConnell v. Schneider, $250.

"Second. For abandoning case of E. McConnell v. Schneider before collecting amount of judgment, causing extra expense and loss of time, $250."

A trial by jury before the justice resulted in a ver-

dict for respondent upon appellant's counterclaim, and for part of his demand, and appellant appealed to the circuit court of the city of St. Louis. At the trial in the circuit court, defendant had no counsel, and declined the offer of the trial judge to appoint an attorney without cost to her and represent her, and her daughter (not a member of the bar) was finally permitted by the court to represent her mother, the appellant, and no exceptions were saved throughout the trial on behalf of appellant to any ruling or action of the court. At the close of a mass of testimony, the court gave the following instructions on behalf of plaintiff:

"1. The court instructs the jury that if you find from the evidence that the plaintiff made and entered into a contract with the defendant, on or about December 3, 1900, by which plaintiff agreed to institute and prosecute on behalf of defendant, a damage suit against one Anton Schneider for a fee of $125 and one-half of any judgment recovered against said Schneider in said suit, and if you further find that plaintiff did institute and prosecute such suit against said Schneider in performance of and in accordance with said contract, if any was made, and recovered a judgment against said Schneider for the sum of $500 which was afterwards and before the institution of this suit, collected and paid over to the defendant, Eliza McConnell, and if you still further find that defendant has not paid to plaintiff one-half of said judgment or any part thereof, then you will return a verdict for plaintiff in the sum of $250 with interest thereon since the institution of this suit, to-wit, April 21, 1902.

"2. The court instructs the jury upon the pleadings and evidence adduced, to find a verdict in favor of the plaintiff and against the defendant on said defendant's counterclaim."

The jury found for the plaintiff in the full amount sued for with interest from institution of suit, and against the defendant on her counterclaim, and the de-

fendant appealed, having employed counsel who filed motion for a new trial and bill of exceptions and perfected the appeal.

In the condition of the record presented to this court, the instructions alone are subject to review. The instructions for plaintiff are clear and concise declarations of the rules of law predicated upon the facts in evidence, and no vice or error in them has been designated. The series of instructions, asked by appellant and refused, bear the impress of the hand of appellant, and are all either improper declarations of the law or without any support in the testimony, and generally objectionable on both grounds.

The third instruction which is as follows: "The court instructs the jury that if they believe from the evidence that the plaintiff violated the terms of his contract with defendant mentioned in evidence, and that defendant was damaged by such violation of said contract in a sum equal to or in excess of the amount sued for by plaintiff herein then plaintiff is not entitled to recover," was more favorable to appellant than the testimony in her behalf might fairly be said to justify.

The verdict of the jury was for the right party and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.